BOLÍN, Judge.
Marvin C. Wyatt and his wife brought suit for personal injuries and related special damages allegedly resulting when Mrs. Wyatt slipped and fell on the concrete apron of a service station in Shreveport, Louisiana. Made defendants were the operators (who were sub-lessees) of the station, owner of the property, lessee of the station and the liability insurer of the operators. From judgment rejecting plaintiffs’ demands they have appealed.
Plaintiffs contend Mrs. Wyatt slipped and fell because the concrete apron was improperly constructed with a smooth and slippery finish which when wet created a hazard to its customers. The liability of the owner and lessee was predicated on this alleged improper construction. The operators were alleged to be joint tort-feasors because they knew of the dangerous condition and failed to correct same or to warn Mrs. Wyatt of the hazard.
From our examination of the record, including a well-reasoned written opinion of the trial judge, we find the facts to be relatively simple. On a rainy night Mrs. Wyatt alighted from an automobile at the service station and while walking on the concrete apron slipped and fell. No one actually saw the fall. There is no allegation that any foreign substance was on the concrete. Fault or negligence on the part of all defendants is predicated on the charge that the concrete was improperly finished so as to be extremely slippery when wet. After listening to the testimony and personally visiting the premises the district judge concluded the “glass-like” surface complained of by plaintiffs did not exist, but to the contrary, found:
“ * * * Nevertheless, it is apparent that the concrete in the apron was given a brush finish with some sort of coarse broom which left discernible raised ridges in a pattern of swirls or waves on the surface of the concrete.
“We find that the plaintiffs have wholly failed to establish that the surface upon which Mrs. Wyatt fell was a dangerous one, an unusually slick one, a faultily constructed one, or a poorly maintained one * * * ”
 From the above findings, in which we fully concur, plaintiffs have failed to establish legal liability against any of defendants. No citation of authority is necessary for the Louisiana rule that neither the owner, lessee nor operator of a retail establishment is the insurer of the safety of patrons visiting such premises. In the instant case, plaintiffs have failed to show any fault or breach of duty by any defendant and their demands must necessarily be rejected.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.
Affirmed.